UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br><br>   Plaintiff,<br><br>   v.<br><br>PATTY BOYLE,<br><br>   Defendant. | Case No. 16-cv-04690-DMR<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH LEAVE TO AMEND** |

Plaintiff Tracey N. Thompson filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on August 16, 2016. On September 1, 2016, the court granted Plaintiff's IFP application but reserved its determination of the complaint's compliance with 28 U.S.C. § 1915(e)(2)(B). [Docket No. 4.] Plaintiff has not consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues this Report and Recommendation and reassigns the case to a District Judge for final disposition, with the recommendation that Plaintiff's complaint be dismissed with leave to amend.

**I. DISCUSSION**

   **A. Legal Standard**

Although the court has granted Plaintiff's IFP application, it must review Plaintiff's complaint to determine whether the action may proceed. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin*

*v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  While pro se pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.  *Franklin*, 745 F.2d at 1228.  A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

**B. Discussion**

Plaintiff's complaint is largely unintelligible.  Plaintiff appears to allege that FBI Agent John Dahmer has been "investigating" Plaintiff's apartment for nine years, and that Dahmer may have witnessed Plaintiff in "[e]mbarrassing situations."  Compl.  Plaintiff does not name Dahmer as a party.  Instead, she sues Defendant Patty Boyle, who owns the apartment building in which Plaintiff lives.  Plaintiff does not make any other allegations about Defendant, nor does she state any specific claims against her.  Accordingly, Plaintiff's complaint should be dismissed as inadequately pleaded, since it fails to provide specific factual allegations connecting Defendant with any alleged wrongdoing.

Plaintiff's complaint also fails to state a basis for federal subject matter jurisdiction.  Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  In most cases, original federal subject jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (1) diversity jurisdiction.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to "aris[e] under the Constitution, laws, or treaties of the United States."  Here, Plaintiff has not asserted any claims based on federal law.  As to diversity jurisdiction, Plaintiff must claim damages in excess of $75,000.  28 U.S.C. § 1332(a).  In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).  Plaintiff has not alleged damages in excess of the

1  statutory minimum or any facts to support the existence of diversity between the parties.

2  In sum, the court concludes that Plaintiff's complaint does not satisfy 28 U.S.C. §
3  1915(e)(2)(B) review because it does not specify any claims against Defendant and fails to
4  establish a basis for federal subject matter jurisdiction.

## II.  CONCLUSION

For the foregoing reasons, the court recommends that the complaint be dismissed with leave to amend to remedy the deficiencies noted in this order.  The Clerk is directed to reassign this case to a District Judge.  Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties.  In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED**.

Dated: September 30, 2016

DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PATTY BOYLE,<br><br>    Defendant. | Case No. 4:16-cv-04690-DMR<br><br>**CERTIFICATE OF SERVICE** |

   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

   That on 10/3/2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Tracey N. Thompson
44 McAllister Street
No. 622
San Francisco, CA 94102


Dated: 10/3/2016


Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU