United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACEY N. THOMPSON,
Plaintiff,

v.

PATTY BOYLE,
Defendant.

Case No. 16-cv-04690-DMR

**ORDER RESCINDING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Tracey N. Thompson filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on August 16, 2016. On September 1, 2016, the court granted Plaintiff's IFP application but reserved its determination of the complaint's compliance with 28 U.S.C. § 1915(e)(2)(B). [Docket No. 4.] Since Plaintiff had not yet consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), on September 30, 2016, the court issued a Report and Recommendation and reassigned the case to a District Judge for final disposition. [Docket No. 7.] In its Report and Recommendation, the undersigned recommended that Plaintiff's complaint be dismissed with leave to amend. *Id.*

On October 3, 2016, after this matter had been reassigned to the Hon. Phyllis J. Hamilton, Plaintiff filed a consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Docket No. 9 at 3.] On October 5, 2016, the matter was reassigned to the undersigned. [Docket Nos. 10, 11.] Accordingly, the court rescinds the September 30, 2016 Report and Recommendation and now dismisses the complaint with leave to amend.[1]

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011)

United States District Court
Northern District of California

# I. DISCUSSION

## A. Legal Standard

Although the court has granted Plaintiff's IFP application, it must review Plaintiff's complaint to determine whether the action may proceed. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). While pro se pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin*, 745 F.2d at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

## B. Analysis

Plaintiff's complaint is largely unintelligible. Plaintiff appears to allege that FBI Agent John Dahmer has been "investigating" Plaintiff's apartment for nine years, and that Dahmer may have witnessed Plaintiff in "[e]mbarrassing situations." Compl. Plaintiff does not name Dahmer as a party. Instead, she sues Defendant Patty Boyle, who owns the apartment building in which Plaintiff lives. Plaintiff does not make any other allegations about Defendant, nor does she state any specific claims against her. Accordingly, Plaintiff's complaint is dismissed as inadequately

---

(quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

pleaded, since it fails to provide specific factual allegations connecting Defendant with any alleged wrongdoing.

Plaintiff's complaint also fails to state a basis for federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). In most cases, original federal subject jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (1) diversity jurisdiction. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to "aris[e] under the Constitution, laws, or treaties of the United States." Here, Plaintiff has not asserted any claims based on federal law. As to diversity jurisdiction, Plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Plaintiff has not alleged damages in excess of the statutory minimum or any facts to support the existence of diversity between the parties.

In sum, the court concludes that Plaintiff's complaint does not satisfy 28 U.S.C. § 1915(e)(2)(B) review because it does not specify any claims against Defendant and fails to establish a basis for federal subject matter jurisdiction.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed with leave to amend to remedy the deficiencies noted in this order. Plaintiff must file an amended complaint by no later than **October 20, 2016**. Failure to file an amended complaint by October 20, 2016 may result in this action being dismissed for failure to prosecute.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301

Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: October 5, 2016




Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California